# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

_____

EPIC STONE GROUP, INC.
        Plaintiffs
    V                                  **COMPLAINT FOR TRADEMARK**
                                          *INFRINGEMENT (Trademark Infringement,*
                                          *Unfair Competition, and Common Law Trademark*
                                          *Trademark Infringement and Unfair Competition*

                                          ***DEMAND FOR JURY TRIAL***

TWENTIETH CENTURY FOX CORP.

        Defendant
_____

COMES NOW, Plaintiff Epic Stone Group, Inc. ("Epic Stone"), and files its Complaint against Twentieth Century Fox Corp.

## I.   INTRODUCTION

1. For over 10 years, Epic Stone has owned, advertised, marketed, promoted, distributed, and sold merchandise bearing its incontestable BATTLE ANGEL federal trademark Registration Nos.: 4629131 and 3671739.

1

*EPIC STONE –BATTLE ANGEL (merchansise)*

 



2.  Despite Epic Stone's longstanding rights in the mark BATTLE ANGEL, FOX continues to market, advertise, promote, and license merchandise bearing a confusingly similar Infringing mark ALITA; BATTLE ANGEL in which the Fox's film titled ALITA: BATTLE ANGEL is scheduled for release on February 14, 2019.

FOX'S - ALITA: BATTLE ANGEL (Film Press Releases)





FOX'S - ALITA: BATTLE ANGEL (merchandise)

   

3




3. The infringing mark appears, and sounds confusingly similar and will likely cause consumer confusion and deceive the public regarding the source. Any continued promotion, marketing, distribution, press releases, licensing, and sales of the infringing mark is therefore unlawful and will cause irreparable harm to the Epic Stone BATTLE ANGEL brand.

4. Epic Stone and FOX's goods are closely related, are advertised, marketed, and have online selling platforms therefore the purchasing public will be confused as to the identity or source.

5. Plaintiffs brings this action in law and in equity for trademark infringement, unfair competition under the Trademark Act of 1946, 15 U.S.C. 1051 et seq. and the common law. Among other relief, Epic Stone asks the Court to award Epic Stone monetary damages, and treble damages; require FOX to disgorge all profits from sales of the infringing mark; and award Epic Stone punitive damages, attorneys' fees and costs.

6. Plaintiff Epic Stone is a corporation organized and existing under the laws of the State of Florida, having principal place of business at 1800 W. Hialeah Fl. 33014.

7. On information and belief, Twentieth Century Fox, Inc. is a corporation organized and existing under the laws of the State of California, having a principal place of business at 10201 W. Pico Blvd., Los Angeles, CA 90035.

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over FOX's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

9. This Court has personal jurisdiction over FOX because, on information and belief, (a) FOX has marketed, distributed, offered for sale and/or sold the infringing mark to persons within the state of Florida; (b) Fox regularly transacts and conducts business within the State of Florida; and/or (c) FOX has otherwise made or established contacts within the State of Florida sufficient to permit the exercise of personal jurisdiction.

10. The district of Florida is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to FOX claims occurred in this District.

## III. FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. The Plaintiff is the owner of BATTLE ANGEL Federal Incontestable Trademark Registration No.: 3671739, registered on August 25, 2009, covering "Computer game cartridges; Computer game cartridges and discs; Computer game discs; Computer programs for pre-recorded games"; and BATTLE ANGEL Registration No.: 4629131, registered on October 28, 2014, covering "Action figure toys; Positionable toy figures; Toy action figures and accessories therefor; Toy figures; toy robots".

12. Plaintiff is also owner of BATTLE ANGEL Trademark Application No.: 87867052, filed on April 6, 2018, covering: "Downloadable audio files, multimedia files, text files, e-mails, written documents, audio material, video material and games featuring information in the form of downloadable short educational/training communications in the field of human resource development for the promotion of employee retention, career growth and increased productivity for employees and employers; Downloadable computer game programs; Downloadable e-books in the field of space combat; Downloadable films and television programs featuring space combat provided via a video-on-demand service; Downloadable graphics featuring space combat for use on electronic devices; Downloadable graphics for mobile phones; Downloadable ring tones and graphics for mobile phones; Downloadable ring tones, graphics and music via a global computer network and wireless devices; Downloadable information and graphics on space combat via the internet and wireless devices; Computer game programmes downloadable via the Internet; Digital materials, namely, graphics featuring space combat and heroes and villains; Digital media, namely, pre-recorded video cassettes, digital video discs, digital versatile discs, downloadable audio and video recordings, DVDs, and high definition digital discs featuring space combat; Pre-recorded CDs, video tapes, laser disks and DVDs featuring space combat; Pre-recorded digital video discs featuring space combat; Pre-recorded DVDs featuring space combat; Wireless communication device featuring voice, data and image transmission including voice, text and picture messaging, a video and still image camera, also functional to purchase music, games, video and software applications over the air for downloading to the device".

6

EPIC's (3D model of Battle Angel)



13. For the past years, Epic Stone has extensively and continuously used and promoted the BATTLE ANGEL mark in connection with its.

**FOX's Unlawful Activities**

14. In blatant disregard of Epic Stone rights, FOX is advertising, distributing offering for sale, and Licensing in interstate commerce the confusingly similar mark ALITA: BATTLE ANGEL.

15. FOX had knowledge of and was very familiar with the BATTLE ANGEL trademark when it began distributing, marketing, promoting, licensing the infringing ALITA: BATTLE ANGEL. FOX intentionally adopted and used a confusingly similar mark knowing that the infringing mark would mislead and deceive consumers into believing that FOX's mark was produced, authorized, or licensed by Epic Stone or that the mark originated from Epic Stone.

16. The infringing mark designed, distributed, marketed, promoted and licensed by FOX is not associated, affiliated, or connected with Epic Stone, or licensed, authorized, sponsored, endorsed, or approved by Epic Stone in any way.

17. Epic Stone used and registered the mark BATTLE ANGEL before Fox began using the infringing mark ALITA: BATTLE ANGEL.

18. The likelihood of confusion, mistake, and deception engendered by FOX's infringement of Epic Stone's BATTLE ANGEL is causing and will cause irreparable harm to the goodwill symbolized by the mark and the reputation for quality and goodwill that it embodies.

19. FOX's activities are likely to cause confusion before, during and after the time of purchase, and prospective purchasers, and others viewing FOX's infringing ALITA: BATTLE ANGEL mark at the point of sale or the purchasers are likely to mistakenly confuse FOX's goods with Epic Stone's.

20. Despite notice from Epic Stone, FOX continues to use the infringing ALITA: BATTLE ANGEL mark in connection with the release of a feature film, social media, and merchandise that directly competes with the toys offered by Epic Stone. FOX began marketing and licensing the infringing mark well after Epic Stone had established protectable rights in its mark.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

21. Epic Stone repeats and incorporates by reference the allegations in the preceding paragraphs 1-20.

22. FOX's use of the confusingly similar mark ALITA: BATTLE ANGEL is likely to cause confusion, deception, and mistake by creating the false and misleading impression that FOX's goods are distributed and licensed by Epic Stone or associated with or connected to Epic Stone.

23. FOX's infringing mark ALITA BATTLE ANGEL is confusingly similar to EPIC STONE federally registered marks in violation of 15 U.S.C. $1114 and FOX's activities are causing and will continue to cause a likelihood of confusion and deception to members of the trade and public and injury to Epic Stone goodwill and reputation.

24. FOX's actions demonstrate a willful and malicious intent to trade on the goodwill associated with Epic Stone's BATTLE ANGEL mark, causing great and irreparable harm.

25. FOX's conduct has caused and is likely to continue causing substantial injury to the public and to Epic Stone and Epic Stone is entitled to recover FOX's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§§ 1114, 1116 and 1117.

## COUNT II – FEDERAL UNFAIR COMPETITION

26. Epic Stone repeats and incorporates by reference the allegations in the preceding paragraphs 1-20.

27. FOX's use of the confusingly similar mark ALITA: BATTLE ANGEL is likely to cause confusion, deception, and mistake by creating the false and misleading impression that FOX's goods are distributed and licensed by Epic Stone or associated or connected with Epic Stone.

28. FOX's actions demonstrate an intentional and willful intent to trade on the goodwill associated with Epic Stone's BATTLE ANGEL marks and have and will cause great and irreparable harm.

29. FOX's conduct has caused and is likely to continue causing substantial injury to the public and to Epic Stone, and Epic Stone is entitled to recover FOX's profits, actual damages,

enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§§ 1114, 1116 and 1117.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

30. Epic Stone repeats and incorporates by reference the allegations in the preceding paragraphs 1-20.

31. FOX's acts constitute common law trademark infringement and have created and will continue to create a likelihood of confusion to the detriment of Epic Stone.

32. FOX acted with full knowledge of Epic Stone's use of its BATTLE ANGEL mark to the great injury of Epic Stone.

33. FOX's actions demonstrate an intentional and willful intent to trade on the goodwill associated with Plaintiffs BATTLE ANGEL mark to the great and injury of Epic Stone.

34. As a result of FOX' s acts, Epic Stone has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Epic Stone is entitled to an accounting of FOX's profits, damages, and costs. Further, in light the deliberate use of a confusingly similar mark, and the need to deter FOX from engaging in similar conduct in the future. Epic Stone is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

1. FOX and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from FOX or in concert or participation with FOX, and each of them, be enjoined from:

A. advertising, marketing, promoting, offering for sale, distributing, or selling the

Infringing mark.

B. using the infringing mark ALITA: BATTLE ANGEL, or any confusingly similar marks, on or in connection with any of FOX's goods.

C. using the mark ALITA: BATTLE ANGEL, or any confusingly similar marks, in connection with FOX's goods.

D. using any trademark, name, logo design, or source designation of any kind on or in connection with FOX's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, or are sponsored or authorized by Epic Stone, or are in any way connected or related to Plaintiff.

E. advertising, promoting, offering for sale, licensing, or selling any goods using the infringing mark ALITA: BATTLE ANGEL, or any confusingly similar trademark.

F. FOX be ordered to cease selling, marketing, promoting, licensing, any goods or services using the infringing mark, or any confusingly similar mark.

G. FOX be ordered to deliver up for impoundment and for destruction, all, boxes, bags, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationery, toys, figures, or other materials in the possession, custody or under the control of FOX that are found to adopt, infringe, or dilute any Epic Stone trademarks or that otherwise unfairly compete with Plaintiff and its product.

H. Fox be compelled to account to Plaintiff for any and all profits derived by FOX from the sale or distribution of the infringing mark ALITA: BATTLE ANGEL.

I. Plaintiffs be awarded all damages caused by the acts forming the basis of this Complaint;

J. Based on FOX's knowing and intentional use of a confusingly similar imitation of the Plaintiffs mark BATTLE ANGEL, the damages awarded be trebled and the award of FOX's profits be enhanced as provided for by 15 U.S.C. $ 1117 (a);

K. Fox be required to pay to Plaintiff's the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. $ 1117 (a).

L.   Plaintiff be awarded prejudgment and post-judgement interest on all monetary awards; and

10.   Plaintiff be granted such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

WHEREFORE, Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Dated: January 30th, 2019

>                                   /s/ Michael D. Stewart
>                                   Michael D. Stewart, Esq.
>                                   150 S.E. 2nd Ave, Suite 1000
>                                   Miami, Florida 33131
>                                   Telephone: (305) 590-8909
>                                   Fax: (305) 415-9920
>                                   ms@themiamilaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 30th, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel/parties of record either via transmission of Notices of Electronic Filing generated by CM/ECF.

    /s/ Michael D. Stewart_____
Michael D. Stewart, Esq.
FL Bar No.: 12457
ms@themiamilaw.com
200 S.E. 1st Street, Suite 701
Miami, FL 33131
Telephone: (305) 590-8909